# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Gary Feinerman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6683 | **DATE** | 4/24/2012 |
| **CASE TITLE** | Bobby Heard (#2011-0815216) vs. Hardy, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff Bobby Heard's motion to file an amended complaint [13] is granted, and he may proceed with his amended complaint [14] against Stateville Correctional Center Warden Marcus Hardy, Lieutenant Shaw, Officer Redd, and Grievance Counselor Amy Gomez. The Clerk shall issue summonses for service of the amended complaint on these Defendants, and the United States Marshal Service is appointed to serve summons. All other Defendants are dismissed. The Clerk shall forward Heard a copy of this order, a Magistrate Judge Consent Form, and Instructions for Filing Documents.

■[ For further details see text below.]     Docketing to mail notices.

## STATEMENT

Plaintiff Bobby Heard, previously a Stateville Correctional Center inmate who is now incarcerated at the Cook County Jail, submitted an amended complaint in accordance with the Court's January 23, 2012, order. Unlike his prior complaints, Heard now alleges only related claims and states how each Defendant was involved. Heard alleges that he wrote grievances about Stateville Lieutenant Shaw and Correctional Officer Redd's harassment of Heard when he sought mental health treatment after learning of his father's death. On January 28, 2011, while transporting Heard to an appointment with a mental health professional, Shaw and Redd asked Heard about his grievances complaining about their behavior. During their questioning, they overly tightened Heard's handcuffs behind his back. (Am. Compl. at 5.) After Heard's visit with a psychiatrist, Shaw and Redd took Heard to a shower stall, and placed and kept him in the stall for hours while he was still handcuffed. (*Id.* at 6.) When Stateville Counselor Amy Gomez arrived, she allegedly refused Heard's pleas for his handcuffs to be removed, and she, along with Shaw and Redd, made fun of Heard. (*Id.*) Heard alleges that Warden Marcus Hardy was aware of the way officers treat inmates, but did nothing to prevent such behavior. (*Id.* at 7.)

Heard's amended complaint allegations sufficiently state claims of retaliation against Shaw, Redd, and Gomez. Although it is unclear whether the verbal harassment Heard complains of, by itself, would support a § 1983 claim, *see DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("[s]tanding alone, simple verbal harassment does not constitute cruel and unusual punishment"), harassment in response to filing grievances supports a claim of retaliation. *Bridges v. Gilbert*, 557 F.3d 541, 552-53 (7th Cir. 2009). Heard may thus proceed with his claim against Shaw and Redd. Heard may also proceed against Gomez, who allegedly either did not prevent Shaw and Redd's conduct and/or joined it. *See George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("[a] guard who stands and watches while another guard beats a prisoner violates the Constitution"). Similarly, Heard may proceed against Warden Hardy, who allegedly was aware of and condoned such actions by Stateville officers. *Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir. 2000) (supervisory officials may be personally responsible for the constitutional torts of their subordinates if the official knows of and facilitates, approves, condones, or turns a blind eye to the conduct).

The Clerk shall issue summonses for service of the amended complaint on Stateville Lieutenant Shaw, Officer Shaw, Grievance Officer Amy Gomez, and Warden Marcus Hardy. The U.S. Marshals Service is assigned to serve the Defendants. The Marshals Service shall send Heard the appropriate service forms. Heard's failure to return those forms to the Marshals Service may result in the dismissal of Defendants. If the Defendants are no

| STATEMENT |
|---|
| longer employed at the prison, Stateville officials shall furnish their last known addresses, which shall be used only to effectuate service, and which shall neither be kept in the court file, nor disclosed by the Marshals Service. The Marshals Servuice may mail requests for waivers of service to Defendants pursuant to Fed. R. Civ. P. 4(d)(2). If unable to obtain waivers, the Marshals Service shall attempt personal service.<br><br>      Heard must file all future papers concerning this action with the Clerk of Court in care of Prisoner Correspondent. Heard must provide the court with the original plus a judge's copy, including exhibits, of every document filed. Copies of court filings must be sent to the Defendants; when an attorney appears for Defendants, the court filings must be served on the attorney. All court filings must include a certificate of service stating to whom copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court and/or returned to Heard. |