# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Gary Feinerman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6683 | **DATE** | 2-19-2013 |
| **CASE TITLE** | Bobby Heard (#2011-0815216) vs. Hardy, et al. | | |

**DOCKET ENTRY TEXT**

Defendant Marcus Hardy's motion to dismiss [30] is granted. Hardy is dismissed a s a party defendant. Plaintiff may proceed with his claims that Lieutenant Shaw, Officer Redd, and Counselor Gomez verbally and physically harassed Plaintiff in retaliation for having filed grievances. Defendant Shaw, Redd, and Gomez's request to file a PLRA answer [30] is granted; the court notes that they have already filed their answer [35].

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff Bobby Heard, who is currently on parole, was incarcerated at Stateville Correctional Center in January 2011, the time when the events giving rise to this 42 U.S.C. § 1983 action occurred. On April 24, 2012, this court allowed Heard to proceed with his amended complaint against Stateville Lieutenant Shaw, Officer Redd, Counselor Amy Gomez, and then-Warden Marcus Hardy. Currently before this court is Hardy's motion to dismiss. Heard has filed a response. The motion is granted.

When reviewing a motion to dismiss, a court considers to be true all well pleaded allegations, as well as any inferences reasonably drawn therefrom. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Under Fed. R. Civ. P. 8(a)(2), a complaint need not contain detailed factual allegations, but it must present more than labels, conclusions, or a formulaic recitation of the elements of a cause of action. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must at least "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007). If a plaintiff pleads facts demonstrating that he has no claim, a court may dismiss the complaint. *See id.* at 777. Exhibits attached to a complaint may be considered part of the complaint. *See Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002); Fed. R. Civ. P. 10(c).

This case involves allegations that Lt. Shaw and Officer Redd verbally and physically harassed Heard on January 27, 2011, because he had filed one or more grievances complaining about their verbal abuse in December 2010. The amended complaint alleges that Shaw and Redd taunted Heard in December 2010 when he sought psychiatric care after learning of the death of his father. According to Heard, the officers told him that either "they could kill [him] or [he] could kill [himself] . . . that way [he] could be with his father" and would not need a doctor. (Dkt. Entry #14, Amended Compl. at 4.) Heard wrote a grievance on December 26, 2010, about the officers' conduct. Although the copy of the grievance attached to the amended complaint does not indicate whether it was submitted as an emergency grievance, which would have been routed to the warden, as opposed to a regular grievance, which would have gone to a counselor, Heard states in his response brief that he received a response from Warden Hardy on January 6, 2011, stating that the grievance was not an emergency. Doc. 39 at 1. Heard filed another grievance against Redd and other officers on January 12, 2011, mainly concerning officers' response to his hunger strike, but also mentioning that Heard and Redd had words about Heard's prior grievance.

This case does not involve the events described in the December 26 or January 12 grievances; rather, it

| STATEMENT |
|---|

involves what occurred later in January 2011. On January 27, 2011, Shaw and Redd escorted Heard for an appointment with a mental health care provider. During the escort, Shaw and Redd allegedly overly tightened Heard's handcuffs when asking him about grievances he had filed against them. According to Heard, the officers took him to a small shower stall, made him stand in it with his hands cuffed behind his back in an uncomfortable position for several hours, refused to uncuff him or allow him to go to the bathroom, and again taunted him about his reaction to his father's death. Counselor Gomez came upon the scene while Heard was in the stall. She allegedly either joined in the harassment of Heard or watched without intervening. Heard's claims against Shaw and Redd assert that they "retaliated, discriminated, and used tortuous tactics on [him] because [he] wrote grievances on them." Doc. 16 at 7. Heard's claim against Gomez asserts that she "aided and abe[tt]ed the retaliation against[him] " and contributed to the mental duress Heard experienced at the prison. *Id.* at 8. Heard's claim against Hardy states that he should be held liable for "promoting, encouraging, directing, and condoning the correctional officers at Stateville NRC Correctional Center to treat its inmates with such harsh, inhumane tactics." *Id.* at 7.

The Court allowed Heard to proceed with his claims regarding Shaw's, Redd's, and Gomez's actions on January 27, 2011. Doc. 15. The court also allowed Heard proceed against Warden Hardy, who allegedly condoned the officers' actions. *Ibid.* (citing *Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir. 2000) ("a supervisor must know about the situation and approve of it" to be held liable)). Further review of the amended complaint and its attachments makes clear that Heard has not stated a viable claim against Hardy.

Even assuming that Heard's December 26, 2010, grievance was forwarded to Hardy, Hardy's receipt of the grievance did not make him personally involved with the unconstitutional conduct at issue in this case. As noted above, this case involves the verbal and physical harassment Heard suffered in retaliation for having filed grievances. Neither the December 26, 2010 grievance nor the January 12, 2011 grievance (with the exception of stating that Heard and Redd "had words" about Heard's grievance) addressed the officers' alleged retaliation.

As noted above, to hold a supervisory official liable in his individual capacity, he "must know about the situation and approve of it." *Chavez*, 207 F.3d at 906; *see also Jones v. City of Chicago*, 856 F.2d 985, 992–93 (7th Cir.1988) (to state a claim against a supervisory official, a plaintiff must allege facts that, if proven true, demonstrate that the official "kn[ew] about the conduct and facilitate[d] it, approve[d] it, condone[d] it, or turn[ed] a blind eye for fear of what [he] might [have] see[n]"). Communications to a supervisory official "can, under some circumstances, constitute sufficient knowledge" of a situation such that he may need to "investigate and, if necessary, to rectify." *Vance v. Peters*, 97 F.3d 987, 994 (7th Cir. 1996). Heard's alleged communications to Hardy, however, did not provide him with information about the alleged unconstitutional conduct in this case, that Heard was being harassed by Shaw, Redd, and Gomez for having filed grievances. Additionally, Heard's allegations against Hardy quoted above essentially simply recites the elements of a cause of action and asserts a legal conclusion, which are insufficient to state a claim. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

It follows that the claim against Hardy is dismissed. If Heard can allege in good faith that Hardy was made aware of the officers' retaliatory harassment of Heard but refused to take any action, he may file an amended complaint that makes such a claim. Heard has until 3/12/2013 to seek leave to file such an amended complaint.